# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00264-CV

**ColorSciences, LLC, Appellant**

**v.**

**Gordon Group Enterprises, LTD, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
## NO. D-1-GN-13-001542, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Gordon Group Enterprises, LTD (Gordon Group) sued ColorSciences, LLC, for breach of a promissory note. The trial court granted Gordon Group's motion for summary judgment and rendered judgment that Gordon Group recover $176,859.37 in unpaid principal and interest on the note, along with $11,783.47 in attorneys' fees and post-judgment interest. ColorSciences challenges the trial court's judgment in two issues asserting that (1) Gordon Group, a foreign corporation, lacked the capacity to bring suit in Texas and (2) there were fact issues as to whether Gordon Group waived its rights or was estopped from recovering under the note. We will affirm.

## BACKGROUND

Gordon Group and ColorSciences were parties to a promissory note. When ColorSciences defaulted on the note, Gordon Group sued for breach of contract seeking damages in the amount of the unpaid principal and accrued interest on the note along with attorneys' fees.

Gordon Group moved for summary judgment, which the trial court granted. ColorSciences then perfected this appeal.[1]

In its first issue, ColorSciences asserts that Gordon Group lacked the capacity to file suit in Texas because it is a foreign corporation not registered with the Texas Secretary of State in accordance with chapter 9 of the Texas Business Organizations Code. *See* Tex. Bus. Orgs. Code § 9.051(b) (foreign filing entity may not maintain action in Texas court on cause of action that arises out of transaction of business in Texas unless foreign entity is registered in accordance with chapter 9). ColorSciences waived this complaint, however, by failing to challenge Gordon Group's capacity to sue in a verified pleading as required by Texas Rule of Civil Procedure 93.[2] *See* Tex. R. Civ. P. 93(1) (pleading that plaintiff does not have legal capacity to sue must be verified by affidavit); *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996) (argument that opposing party does not have capacity to participate in suit waived if party fails to comply with rule 93). We also observe that ColorSciences's argument lacks merit. The prohibition against an unregistered entity's maintaining an action in Texas state courts applies only to a cause

---

[1] The parties are familiar with the facts, procedural history, and applicable standard of review. Accordingly, we will not recite them here. *See* Tex. R. App. P. 47.1.

[2] ColorSciences argues that the issue is one of standing, which may be raised at any time, including for the first time on appeal. ColorSciences has confused the concepts of capacity and standing. "A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996). Gordon Group plainly has standing to pursue a claim based on breach of the promissory note. The failure to comply with an alleged filing requirement implicates Gordon Group's capacity to bring suit in Texas, not its standing. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848-49 (Tex. 2005) (issue of capacity is procedural issue dealing with party's personal qualifications to litigate).

of action arising out of the "transaction of business" in Texas. *See* Tex. Bus. Orgs. Code § 9.051(b). The statute expressly excludes collecting a debt from the definition of activities constituting transacting business in Texas. *See id.* § 9.251(8) (securing or collecting debt due foreign entity does not constitute transaction of business in Texas for purposes of chapter 9). Gordon Group's suit arises out of its attempts to collect a debt owed to it and, consequently, does not arise out of the "transaction of business" in Texas as that term is defined in chapter 9. ColorSciences's first issue is overruled.

In its second issue, ColorSciences asserts that Gordon Group has waived its right to sue for breach of the promissory note because its principal, Gordon Griffiths, "specifically told [ColorSciences's president] Jim Burns that Gordon Group was writing off the note and to not make further payments." According to ColorSciences, this act was an intentional relinquishment of a known right which, as a matter of law, constituted waiver of Gordon Group's right to payment of the note. Gordon Group counters that the doctrine of waiver does not apply to the material terms of a contract, such as the right to receive payment on a promissory note. *See United States Fid. & Guar. Co. v. Bimco Iron & Metal Corp.*, 464 S.W.2d 353, 357 (Tex. 1971) ("[W]e adopt the rule that a waiver may be effective after expiration of the time for performance of a condition has expired, if the condition which is asserted to have been waived is not a material part of the agreed equivalent of the obligor's promise and its non-performance does not materially affect the value received by the obligor."). We need not address this legal argument because the summary-judgment evidence does not create a fact issue with regard to whether Gordon Group, through its principal Gordon Griffiths or otherwise, purported to relinquish its right to payment of the promissory note. The summary-

3

judgment evidence does not support ColorSciences's assertion that Griffiths "specifically told Jim Burns that Gordon Group was writing off the note and to not make further payments." In his affidavit filed in response to the summary-judgment motion, Burns averred only that:

> On or about July 9th, 2012, Mr. Griffiths and I spoke on a phone call. Mr. Griffiths, who was familiar with ColorSciences' finances, told me he did not believe that ColorSciences would be able to retire the note that is the subject of this lawsuit. He stated that he would be better off financially if he could declare the note a loss. Griffiths further implied that if he was still receiving payments on a performing note he would not be eligible to take the loss, and therefore that he did not want ColorSciences to continue making payments.

This evidence cannot be read to support an assertion that Griffiths told ColorSciences that Gordon Group was, in fact, writing off the note and directed ColorSciences to discontinue making payments. What Burns believed Griffiths to be "implying" in the conversation does not constitute evidence that Gordon Group intentionally relinquished its right to payment. The fact that Gordon Group was not relinquishing any such right is evidenced by its pursuing the underlying action for breach of contract.

ColorSciences also asserts, without citing to any legal authority or to the record and without providing any substantive legal analysis, that Gordon Group was "estopped" from claiming that ColorSciences breached the promissory note. ColorSciences has failed to brief this issue adequately and, as a consequence, has waived any error regarding this contention. *See* Tex. R. App. P. 38.1(h). And even if ColorSciences had not waived error on this issue, it fails for the reasons set forth above with regard to ColorSciences's waiver argument. We overrule ColorSciences's second appellate issue.

**CONCLUSION**

Having overruled ColorSciences's two appellate issues, we affirm the trial court's judgment.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed: August 11, 2015